UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MIDWEST NEUROSURGEONS, LLC, and MIDWEST SURGICAL CENTER, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Case No. 1:18-CV-86-SNLJ |
| THOMAS WRIGHT | )<br>)<br>) |
| Defendant. | )<br>) |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; thus, the defendant has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action under 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the matter in controversy exceeds $75,000. The Notice alleges "[a]t the time this action was commenced and since then, the plaintiffs were and are limited liability companies

organized and existing under the laws of the State of Missouri with their principal place of business in Cape Girardeau[.]"  (#1 at 1, ¶2.)

The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen.  *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Thus, the Court must examine the citizenship of each member of the plaintiffs—both limited liability companies—to determine whether diversity jurisdiction exists.  This Court is also required to examine the parties for any potential conflicts of interest.  *See* 28 U.S.C. § 455.  Because it is the defendant's burden in this case to establish subject matter jurisdiction, *In re Business Men's Assur. Co. of America*, 992 F.2d at 183, the Court will grant defendant twenty-one days to file an amended notice of removal that alleges facts showing the required diversity of citizenship.  If defendant fails to timely and fully comply with this Order, the Court will remand the case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 9, 2018, defendant shall file an amended notice of removal that shall allege facts establishing the citizenship of the plaintiffs' limited liability company members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this __18th__ day of April 2018.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE