UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MIDWEST NEUROSURGEONS, LLC, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:18-cv-00086-SNLJ ) |
| THOMAS WRIGHT, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Currently before this Court is Defendant's Motion to Dismiss (#15)[1] Plaintiffs' two-count Complaint (#1),[2] which was removed by Defendant from the Circuit Court of the City of St. Louis under 28 U.S.C. § 1332(a). Plaintiffs have filed their Memorandum in Opposition (#16), and Defendant elected not to file a supporting reply brief within the time limits permitted under Local Rule 4.01(C). For the reasons set forth below, this Court denies Defendant's Motion because he has not adequately demonstrated that his argument, in what effectively amounts to an affirmative defense, can be resolved on the face of Plaintiffs' Complaint.

---

[1] In contravention of Local Rule 4.01(A), this Court notes Defendant did not file a separate memorandum in support of his Motion. E.D.Mo. L.R. 4.01(A). Defendant is advised to become familiar with the Local Rules of the Eastern District of Missouri. That being said, it is noted that Defendant's Motion is only two pages in length (not counting the proof of service sheet) and cites only a single supporting authority—an Illinois statute. Given the brevity of Defendant's Motion and argument, failure to abide by Local Rule 4.01(A) will be excused on this occasion.

[2] The Complaint was affixed directly to the Notice of Removal. Defendant is reminded that, pursuant to this Court's Administrative Procedures for Case Management/Electronic Case Filing (Part II, Section D), the Complaint should be filed as a separate attachment to the Notice of Removal.

1

## I. BACKGROUND

Plaintiffs claim Defendant failed to pay for medical services rendered to him and have file a two-count complaint alleging breach of contract and suit on account to recover approximately one-hundred-thousand dollars allegedly owed by him. (#1 at p. 8-9). In support of their claims, Plaintiffs highlight a contract Defendant purportedly signed in which he both acknowledged that his insurance carrier may pay less than the full bill and agreed "to be responsible for payments of all services rendered on [his] behalf." (*Id*. at p. 5).

What complicates this case is that Defendant, at the time he received medical services, was engaged in a workers' compensation claim with his employer whereby he told Plaintiffs not to submit bills to his own personal insurance provider because it was his belief that either his employer or his employer's workers' compensation insurer would eventually pay the medical bills. (*Id*. at p. 6). Plaintiffs state they do not know whether Defendant ever submitted his medical bills to the relevant insurance providers, but acknowledge they nonetheless "received some partial payments towards some of their charges for treating [Defendant]" either from Defendant's employer or the employer's workers' compensation insurer. (*Id*. at p. 7). Plaintiffs further state their belief that Defendant and his employer engaged in a prolonged dispute about whether "some of the treatments [Defendant] requested and received from Plaintiffs were necessary to treat [Defendant's] work-related injuries." (*Id*.). Despite this, Plaintiffs assert Defendant eventually settled with his employer for approximately three-hundred-thousand dollars in

exchange for Defendant's agreement to relieve his employer of all responsibility for any unpaid medical expenses—current or future. (*Id*.).

With the workers' compensation claim seemingly resolved, Plaintiffs (who are Missouri-based limited liability companies) have filed suit seeking payment from Defendant for their unpaid medical services. In response, Defendant (a resident of Illinois) has filed the present Motion to Dismiss arguing, in essence, that he is totally relieved from paying Plaintiffs pursuant to Illinois law—citing 820 ILCS 305/8.2(e), which makes up part of the Illinois Workers' Compensation Act (IWCA). (#15 at p. 1). According to Defendant, "when a medical provider accepts payment pursuant to the medical fee schedule [established by 820 ILCS 305/8.2], they are not permitted to bill the injured worker for the balance of that bill." (*Id*.). Plaintiffs, for their part, point out that Defendant cites no supporting legal authority—beyond the statute itself—when concluding the IWCA extends across state borders to affects the rights of Missouri-based limited liability companies who provide medical services in Missouri; moreover, Plaintiffs argue Defendant's Motion must be denied because it necessarily encompasses what amounts to be an affirmative defense by Defendant that would require this Court to consider fact-intensive issues that do not easily reveal or resolve themselves on the face of Plaintiffs' Complaint alone. (#16 at p. 4-7).[3]

---

[3] Citing *Porous Medica Corp. v. Pall Corp*., 186 F.3d 1077, 1079 (8th Cir. 1999), Plaintiffs argue this Court should not consider thirty-six pages of documents—mostly medical accounting records and a settlement agreement between Defendant and his employer—that Defendant attached in support of his Motion to Dismiss. Plaintiffs state these documents are "outside the pleadings," which must be ignored when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). This Court agrees. Therefore, because this Court declines to convert Defendant's Motion into one for summary judgment pursuant to Fed. R. Civ. P. 12(d), said documents have been disregarded in reaching a decision on Defendant's Motion. *See BJC Health Sys. v. Columbia Cas. Co*., 348 F.3d 685, 688 (8th Cir. 2003) (finding error in district court's consideration of documents outside the pleadings where the documents "may or may

3

## II. STANDARD OF REVIEW

In ruling upon a motion to dismiss, this Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party. *Loeffler v. City of Anoka*, 893 F.3d 1082, 1084 (8th Cir. 2018). The Federal Rules of Civil Procedure require only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While an affirmative defense must ordinarily be pled and proved, if an affirmative defense is apparent on the face of the complaint, that defense can provide the basis for dismissal under Rule 12(b)(6). *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013). Whether an affirmative defense is apparent on the face of the complaint means simply "that the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008). When an affirmative defense involves a fact-intensive inquiry subject to genuine dispute between the parties, the Court will deny a motion to dismiss for further development of the evidentiary record. *See, e.g., Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 821 (8th Cir. 2008); *Claborn-Welch v. Perdue*, 2018 WL 1997769 at *5 (W.D.Mo. Apr. 27, 2018).

---

not be the only legal agreements relevant to [the plaintiff's] alleged contract with [the defendant]," and "the documents provided by [the defendant] were neither undisputed nor the sole basis for [the plaintiff's] complaint").

## III. ANALYSIS

Defendant summarily asserts that, pursuant to 820 ILCS 305/8.2(e), "when a medical provider accepts payment *pursuant to the medical fee schedule*, they are not permitted to bill the injured worker for the balance of that bill." (#15 at p.1 (emphasis added)). Yet, it is not immediately clear—and Defendant does not address—whether Plaintiffs, in fact, accepted any payments "pursuant to the medical fee schedule" outlined in 820 ILCS 305/8.2(a) or that, in the first instance, Plaintiffs are even subject to the IWCA as Missouri-based limited liability companies. Indeed, since at least *Pennoyer v. Neff*, 95 U.S. 714 (1877), it has been held that "the laws of one State have no operation outside of its territory, except so far as is allowed by comity." *Id.* at 722. And, though a state may exercise personal jurisdiction over a non-resident having sufficient minimum contacts there, *see Shaffer v. Heitner*, 433 U.S. 186, 194-204 (1977), Defendant has neither argued nor suggested that Plaintiffs have somehow created these contacts simply because a contract for medical services exists between them. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-480 (1985) ("[i]f the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"). That this Court has almost no information before it regarding the formation of the parties' contract for medical services—which Plaintiffs argues entitles them to fees directly from Defendant irrespective of the IWCA—raises further concerns of a factual nature, and certainly does not suggest this case is appropriately dismissed by way of Rule 12(b)(6). *See Progressive Ins. Co. v. Williams*, 884 N.E.2d 735 (Ill. App. 4th Dist. 2008) (holding

5

that, under Illinois law, the validity, construction, and obligations of a contract are governed by the law of the place where it is made).

Ultimately, this Court need not yet address the aforementioned issues relating to the applicability of the IWCA (though the existence of these issues lends to the notion that this case should not be decided vis-à-vis a motion to dismiss) because a review of 820 ILCS 305/8.2(e) and interpreting case law, should they actually apply, indicates intensive factual matters exist that cannot be resolve on the face of Plaintiffs' complaint. *See Noble Sys. Corp.*, 543 F.3d at 983. For example, Plaintiffs plainly state that they "received *some* partial payments towards *some* of their charges for treating [Defendant]," which were either paid for by Defendant's employer or the employer's workers' compensation insurer. (*#1*. at p. 7). Plaintiffs also state that Defendant's employer disputed *some* of the treatment Defendant received as unnecessary (*Id*.) and further state that at least *some* of the medical bills—whether because of this dispute or not—were never paid, partial or otherwise, by anyone. (*Id*.; #16 at p. 6). Thus, as a factual matter, the parties seemingly disagree whether Plaintiffs were, in fact, paid according to the fee schedules established by 820 ILCS 305/8.2.

Moreover, a reading of Section 8.2(e) reveals there are a number of exceptions that, should they apply as a factual matter, permit Plaintiffs to recover. That section reads in pertinent part:

> *Except as provided in subsections (e-5), (e-10), and (e-15),* a provider shall not hold an employee liable for costs related to a *non-disputed procedure, treatment, or service* rendered in connection with a *compensable injury* … *Except as provided under subsections (e-5), (e-10), (e-15), and (e-20),* a provider shall not bill or otherwise attempt to recover from the employee

6

the difference between the provider's charge and the amount paid by the employer or the insurer on a *compensable injury*, or for medical services or treatment determined by the Commission to be excessive or unnecessary.

820 ILCS 305/8.2(e) (emphasis added). Section 8.2(e-5) states that where an "employer notifies a provider that the employer does not consider the illness or injury to be compensable … the provider may seek payment of the provider's actual charges." 820 ILCS 305/8.2(e-5). Section 8.2(e-10) states that where an "employer notifies a provider that the employer will pay only a portion of the bill for any procedure, treatment, or service rendered in connection with a compensable illness or disease, the provider may seek payment from the employee for the remainder of the amount of the bill." 820 ILCS 305/8.2(e-10). And Section 8.2(e-20) states both that "[u]pon … a settlement agreed to by the employer and the employee, a provider may resume any and all efforts to collect payment from the employee for the services rendered to the employee and the employee shall be responsible for payment of any outstanding bills" and "[p]ayment for services deemed not covered or not compensable under this Act is the responsibility of the employee unless a provider and employee have agreed otherwise in writing. Services not covered or not compensable under this Act are not subject to the fee schedule in this Section." 820 ILCS 305/8.2(e-25).

Defendant's Motion addresses none of these exceptions, though many seem potentially relevant based on this Court's reading of Plaintiffs' Complaint. Again, Plaintiffs were apparently under the impression that Defendant's employer was disputing certain medical services, and Plaintiffs allege Defendant—or his employer or employer's workers' compensation insurer—only ever paid for *some* of the medical services (for

7

reasons not fully clear to this Court). Moreover, Plaintiffs allege Defendant entered into a settlement agreement with his employer for which Defendant received at least three-hundred-thousand dollars in relieving the employer of further responsibility for Defendant's current and future medical expenses. (#1 at p. 7). All of these issues—seemingly invoking several of the exceptions to the general fee restrictions of Section 8.2(e)—are fact-intensive and not the type of issues properly resolved by a motion to dismiss. *See, e.g., Aten,* 511 F.3d at 821 (8th Cir. 2008) (reversing district court that granted a motion to dismiss where factual disputes remained); *Claborn-Welch v. Perdue*, 2018 WL 1997769 at *5 (W.D.Mo. Apr. 27, 2018) (refusing to grant a motion to dismiss on the basis of the affirmative defense of laches where there remained a fact-based inquiry to be resolved).

Finally, a review of Illinois case law interpreting 820 ILCS 305/8.2(e) reveals that the proper application of that statute is, indeed, fact-intensive. *See Tiburzi Chiropractic v. Kline*, 2013 IL App. (4th) 121113 (2013). In *Tiburzi*, a bench trial was conducted regarding an alleged "private pay agreement" between the parties that the medical provider argued wholly "superseded the fee restrictions" of Section 8.2(e) pursuant to a proper application of the exception set forth in Section 8.2(e-20). *Id*. at ¶¶ 8, 11. While the Illinois Court of Appeals disagreed with the medical provider, finding the provider was mostly restricted by Section 8.2(e) despite the parties' agreement, it did so only after consulting exhibits offered at trial which showed the medical provider had submitted its bill to the relevant workers' compensation insurer who paid, in full, according to the applicable fee schedule. *Id*. at ¶ 12. Even then, the court found that at least some of the

bills were not "compensable services" under Section 8.2(e) because the workers' compensation insurer did not actually pay for every medical service provided, thus permitting recover under the exception found in Section 8.2(e-20). *Id*. at ¶ 13. This Court is of the view that *Tiburzi* further evidences that 820 ILCS 305/8.2(e) cannot be summarily applied through a motion to dismiss as Defendant urges—at least not under the facts of this case, which appear to potentially implicate a number of exceptions to the IWCA's general fee restrictions that have not fully manifested themselves based on a reading of the materials properly before this Court (to say nothing of the fact that, at this stage, it is not clear whether the IWCA even applies).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. Defendant has not adequately demonstrated that his argument under 820 ILCS 305/8.2(e), in what effectively amounts to an affirmative defense, can be resolved on the face of Plaintiffs' Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#15) is **DENIED**.

So ordered this 4th day of September 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE