UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MIDWEST NEUROSURGEONS, LLC, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THOMAS WRIGHT, | ) ) |
| Defendant. | ) ) |

Case No. 1:18-cv-00086-SNLJ

## MEMORANDUM AND ORDER

Currently before this Court is defendant's one-and-a-half-page motion to dismiss (#15) plaintiffs' complaint (#1), which was removed by defendant from the Circuit Court of the City of St. Louis on the basis of diversity jurisdiction.[1] Plaintiffs filed a memorandum in opposition (#16), but no reply was filed.

## I. BACKGROUND

Plaintiffs are Missouri-based healthcare providers organized as limited liability companies. Plaintiffs' two-count complaint alleges breach of contract and suit on account to recover approximately one-hundred-thousand dollars allegedly owed by defendant for medical services rendered to him in Missouri. (#1 at p. 8-9). In support of their claims, plaintiffs highlight a contract defendant purportedly signed in which he acknowledged that his insurance carrier may pay less than the full bill and agreed "to be responsible for payments of all services rendered on [his] behalf." (*Id*. at p. 5). What complicates this

---
[1] This Court notes defendant did not file a separate memorandum in support of his motion as required under local rule. *See* E.D.Mo. L.R. 4.01(A). However, given the brevity of his motion, that requirement will be waived in this one instance.

1

case is that defendant, at the time he received medical services, was engaged in a workers' compensation claim with his employer whereby he told plaintiffs not to submit bills to his own personal insurance provider since it was his belief that either his employer or his employer's workers' compensation insurer would eventually pay the medical bills. (*Id*. at p. 6). Plaintiffs state they do not know whether defendant ever submitted his medical bills to the relevant insurance providers, but acknowledge they nonetheless "received some partial payments towards some of their charges for treating [defendant]" either from defendant's employer or the employer's workers' compensation insurer. (*Id*. at p. 7). Plaintiffs further state their belief that defendant and his employer engaged in a prolonged dispute about whether "some of the treatments [defendant] requested and received from plaintiffs were necessary to treat [defendant's] work-related injuries." (*Id*.). Despite this, plaintiffs assert defendant eventually settled with his employer for approximately three-hundred-thousand dollars in exchange for defendant's agreement to relieve his employer of all responsibility for any unpaid medical expenses—current or future. (*Id*.).

Defendant, as the sole ground for his motion to dismiss, argues he is totally relieved from paying plaintiffs pursuant to Illinois law—citing 820 ILCS 305/8.2(e), which makes up part of the Illinois Workers' Compensation Act (IWCA). (#15 at p. 1). According to defendant, "when a medical provider accepts payment pursuant to the medical fee schedule [established by 820 ILCS 305/8.2], they are not permitted to bill the injured worker for the balance of that bill." (*Id*.). In response, plaintiffs point out that defendant cites no supporting legal authority—beyond the statute itself—when

2

concluding the IWCA extends across state borders to affects the rights of Missouri-based limited liability companies who provide medical services in Missouri. Moreover, plaintiffs argue defendant's motion must be denied because it necessarily encompasses what amounts to be an affirmative defense by defendant that would require this Court to consider fact-intensive issues which do not easily reveal or resolve themselves on the face of plaintiffs' complaint alone. (#16 at p. 4-7).[2]

## II. STANDARD OF REVIEW

In ruling upon a motion to dismiss, this Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party. *Loeffler v. City of Anoka*, 893 F.3d 1082, 1084 (8th Cir. 2018). The Federal Rules of Civil Procedure require only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While an affirmative defense must ordinarily be pled and proved, if an affirmative defense is apparent on the face of the complaint, that defense can provide the basis for dismissal under Rule 12(b)(6). *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013). Whether an affirmative defense is apparent on the face of the complaint means simply "that the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir.

---

[2] Citing *Porous Medica Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), plaintiffs argue this Court should not consider thirty-six pages of documents—mostly medical accounting records and a settlement agreement between defendant and his employer—that defendant attached in support of his motion. Plaintiffs state these documents are "outside the pleadings," which must be ignored when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). This Court agrees. Nor will this court convert defendant's motion into one for summary judgment under Fed. R. Civ. P. 12(d) at this stage in the proceedings.

3

2008). When an affirmative defense involves a fact-intensive inquiry subject to genuine dispute between the parties, the Court will deny a motion to dismiss for further development of the evidentiary record. *See, e.g., Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 821 (8th Cir. 2008); *Claborn-Welch v. Perdue*, 2018 WL 1997769 at *5 (W.D.Mo. Apr. 27, 2018).

**III. ANALYSIS**

As noted, defendant summarily asserts that, pursuant to 820 ILCS 305/8.2(e), "when a medical provider accepts payment *pursuant to the medical fee schedule*, they are not permitted to bill the injured worker for the balance of that bill." (#15 at p.1 (emphasis added)). Yet, it is not immediately clear—and defendant does not address—whether plaintiffs, in fact, accepted any payments "pursuant to the medical fee schedule" outlined in 820 ILCS 305/8.2(a) or that, in the first instance, plaintiffs are even subject to the IWCA as Missouri-based limited liability companies. Furthermore, this Court has little information before it regarding the formation of the parties' contract for medical services—which plaintiffs argues entitles them to fees directly from defendant irrespective of the IWCA—thereby raising further concerns of a factual nature. *See Progressive Ins. Co. v. Williams*, 884 N.E.2d 735 (Ill. App. 4th Dist. 2008) (holding that, under Illinois law, the validity, construction, and obligations of a contract are governed by the law of the place where it is made). These issues lead to the conclusion this case should not be dismissed by way of Rule 12(b)(6). *See Aten*, 511 F.3d at 821 (8th Cir. 2008) (reversing district court that granted a motion to dismiss where factual disputes remained).

4

Ultimately, this Court need not yet address the aforementioned issues relating to the applicability of the IWCA because a review of 820 ILCS 305/8.2(e) and interpreting case law, should they actually apply, indicate intensive factual matters exist that cannot be resolve on the face of plaintiffs' Complaint. *See Noble Sys. Corp.*, 543 F.3d at 983. For example, plaintiffs plainly state they "received *some* partial payments towards *some* of their charges for treating [defendant]," which were either paid for by defendant's employer or the employer's workers' compensation insurer. (*#1*. at p. 7). Plaintiffs also state that defendant's employer disputed *some* of the treatment defendant received as unnecessary (*Id.*) and further state that at least *some* of the medical bills—whether because of this dispute or not—were never paid, partial or otherwise, by anyone. (*Id.*; #16 at p. 6). Thus, as a factual matter, the parties seemingly disagree whether plaintiffs were, in fact, paid according to the fee schedules established by 820 ILCS 305/8.2.

Finally, a review of Illinois case law interpreting 820 ILCS 305/8.2(e) reveals that the proper application of that statute is, indeed, fact-intensive. *See Tiburzi Chiropractic v. Kline*, 2013 IL App. (4th) 121113 (2013). In *Tiburzi*, a bench trial was conducted regarding an alleged "private pay agreement" between the parties that the medical provider argued wholly "superseded the fee restrictions" of Section 8.2(e) pursuant to a proper application of the exception set forth in Section 8.2(e-20). *Id.* at ¶¶ 8, 11. While the Illinois Court of Appeals disagreed with the medical provider, finding the provider was mostly restricted by Section 8.2(e) despite the parties' agreement, it did so only after consulting exhibits offered at trial which showed the medical provider had submitted its bill to the relevant workers' compensation insurer who paid, in full, according to the

5

applicable fee schedule. *Id*. at ¶ 12.  Even then, the court found that at least some of the bills were not "compensable services" under Section 8.2(e) because the workers' compensation insurer did not actually pay for every medical service provided, thus permitting recover under the exception found in Section 8.2(e-20). *Id*. at ¶ 13.  This Court is of the view that *Tiburzi* further evidences that 820 ILCS 305/8.2(e) cannot be summarily applied through a motion to dismiss as defendant urges—at least not under the factual nuances of this case, which are far from settled.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion is denied.  Defendant has not adequately demonstrated that his argument under 820 ILCS 305/8.2(e), in what effectively amounts to an affirmative defense, can be resolved on the face of plaintiffs' complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#15) is **DENIED**.

So ordered this 5th day of September 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE