UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST NEUROSURGEONS, LLC, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-00086-SNLJ |
| THOMAS WRIGHT, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs Midwest Neurosurgeons, LLC. and Midwest Surgical Center, LLC.'s motion to strike defendant's first affirmative defense. (#22). The motion is fully briefed. For reasons set forth below, this Court will **GRANT** plaintiffs' motion.

## I. BACKGROUND

This case involves plaintiffs, as Missouri-based healthcare providers, seeking to recover approximately one-hundred-thousand dollars allegedly owed by defendant, an Illinois citizen, for medical services rendered to him in Missouri. Plaintiffs' two-count complaint alleges breach of contract and suit on account. Plaintiffs have explained—and defendant does not refute—that the place of contracting and negotiation was in Missouri, that medical services were rendered exclusively in Missouri, and that payment for services were made in Missouri.

1

Despite these Missouri-centric facts, defendant previously filed a one-and-a-half page motion to dismiss arguing the Illinois Workers' Compensation Act (IWCA)—specifically, 820 ILCS 305/8.2(e)—bars plaintiffs' recovery. Defendant argued "when a medical provider accepts payment pursuant to the medical fee schedule [established by 820 ILCS 305/8.2], they are not permitted to bill the injured worker for the balance of that bill." This Court was skeptical of the applicability of Illinois law to the parties' dispute, stating "it is not immediately clear—and defendant does not address … [whether] plaintiffs are even subject to the IWCA as Missouri-based limited liability companies." *Midwest Neurosurgeons, LLC. v. Wright*, 2018 WL 4279448 at *2 (E.D. Mo. Sept. 5, 2018) (Limbaugh, J.). Ultimately, this Court denied defendant's motion to dismiss, without addressing the applicability of the IWCA, finding that application of Section 8.2(e) involved "intensive factual matters"—as shown by Illinois case law—that could not be resolved on the face of plaintiffs' complaint or defendant's minimalist motion. *Id*. (*citing Tiburzi Chiropractic v. Kline*, 2013 IL App. (4th) 121113 (2013)).

After denying defendant's motion to dismiss, defendant went on to file an answer that included a single affirmative defense arguing, once again, that the IWCA bars recovery. It is this affirmative defense that plaintiffs now target through their motion to strike. Thus, plaintiffs' urge this Court to consider the lingering issue left unresolved in its previous Order: does the IWCA apply in this case?

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides this Court with wide latitude to strike affirmative defenses found to be insufficient, redundant, immaterial,

impertinent, or scandalous. See Fed. R. Civ. P. 12(f); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Judges enjoy liberal discretion to strike pleadings under Rule 12(f)."). However, the Eighth Circuit cautions that motions to strike pleadings are an "extreme and disfavored measure" and, thus, require judicial temperance in deciding whether or not to grant them. *BJC Health Sys.*, 478 F.3d at 917. In striking the right balance, this Court is guided by the purpose and intent of Rule 12(f), which is to avoid unnecessary delay, prejudice, confusion, and, ultimately, wasteful expenditures suffered through the litigation of clearly spurious claims and defenses. *See Infogroup, Inc. v. Database LLC*, 95 F.Supp.3d 1170, 1195 (D. Neb. 2015); *Express Scripts, Inc. v. Walgreen Co.*, 2009 WL 4757480 at *1 (E.D. Mo. Dec. 3, 2009).

To date, defendant has provided no law, nor theory, to suggest the IWCA applies to this case. Plaintiffs, meanwhile, have engaged in a conflicts-of-law analysis to show that the IWCA does not apply—citing the RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 187 (1971) and *Armstrong Business Servs., Inc. v. H & R Block*, 96 S.W.3d 867, 872 (Mo. App. W.D. 2002) in support. *Armstrong*, in particular, found that Missouri had the "most significant relationship" to a breach of contract action involving several out-of-state franchises (including Illinois) based, in part, on the place of performance of the contract, which would favor application of Missouri law in this case because contractual performance was similarly performed in Missouri. *See Armstrong Business Servs., Inc.*, 96 S.W.3d at 873. Plaintiffs also explain the IWCA would not apply, notwithstanding conflict-of-law issues, because they are seeking "payment for services deemed not covered or not compensable under [the IWCA]" that, therefore, would not be "subject to

3

the fee schedule of [Section 8.2]." Defendant does nothing to address these arguments. Rather, once again, he files a short, one-and-a-half-page memorandum summarily arguing that plaintiffs are "incorrect" for suggesting the IWCA does not apply since they "have already been paid pursuant to payments under the [IWCA]."

This Court has considered the legal authorities cited by plaintiffs, and agrees that Sections 187 and 188 of the Restatement (Second) of Conflicts of Law, as well as judicial application of these sections in *Armstrong*, indicates that Missouri has the "most significant relationship" to the dispute in this case, thereby resulting in the application of Missouri—not Illinois—law. Nothing this Court has seen to date, either in its own research or in the legal authorities provided by the parties, suggests the IWCA reaches into Missouri under the factual scenario presented here. Moreover, defendant's failure to brief the issues raised by plaintiffs' motion in more than a perfunctory manner permits this Court to consider the issues waived. *See, e.g., Clay v. Credit Bureau Enterprises, Inc.*, 882 F.Supp.2d 1083, 1111 (N.D. Iowa 2012). Accordingly, though Rule 12(f) should be applied sparingly, the Court finds that, because defendant has failed to even remotely support his theory both in his motion to dismiss and now in defense of a motion to strike, it is proper to grant plaintiffs' motion; defendant's affirmative defense appears to this Court to be immaterial, confusing, and likely to result in unnecessary expenditures if it were permitted to move forward. Under these facts, plaintiffs' motion to strike is properly granted.

**III. CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike (#22) is **GRANTED**. Defendant's first affirmative defense (#19) is hereby **STRICKEN**.

So ordered this 30th day of October 2018.

                                                                      */s/ Stephen N. Limbaugh, Jr.*
                                                                      STEPHEN N. LIMBAUGH, JR.
                                                                      UNITED STATES DISTRICT JUDGE